UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TINA CHRISTINE ESQUIVEL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 1:10CV00091 SNLJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Esquivel's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." The government has filed a response, and the matter is now ripe for adjudication.

**I. PROCEDURAL HISTORY**

On December 4, 2008, Tina Esquivel and Edward Sanchez were arrested by the SEMO Drug Task Force and Stoddard County Sheriff's Department in Advance, Missouri. (Plea Stip, pp. 9-10) The pair had traveled from the Ft. Worth, Texas area with a quantity of methamphetamine to deliver to a SEMO Drug Task Force confidential informant. (Id)

While Sanchez and the CI were speaking, one of the SEMO Drug Task Force officers observed Esquivel, who was sitting in the front passenger seat of the vehicle, remove a package from her purse and hand it to the CI. (Id) Located inside of the package was what later tested positive at the DEA Laboratory as 55 grams of a substance containing 17.7 grams of actual methamphetamine. (Id)

After Sanchez and Esquivel were arrested by the officers and both were advised of their rights under *Miranda*, Sanchez admitted that there was another package of methamphetamine

concealed in the vehicle. (Id) Esquivel indicated that the package was hidden somewhere in the dash of the vehicle, but that she was unsure of its exact position. (Id) A second package of methamphetamine was located where it had been concealed in a passenger side air vent in the dashboard. (Id) That second package of methamphetamine was also tested at the DEA Laboratory and determined to contain 109 grams of a substance containing 48.5 grams of actual methamphetamine. (Id)

On December 11, 2008, Esquivel and Sanchez were indicted by the federal Grand Jury sitting in Cape Girardeau, Missouri and charged with possession with intent to distribute 50 grams or more of a substance containing methamphetamine.

On December 16, 2010, Esquivel proffered with Federal Agents, but ultimately her information did not prove to be useful to the United States. (Exhibit B) On March 6, 2009, Esquivel plead guilty as charged pursuant to a written plea stipulation and agreement. (Plea Stip) As a part of that stipulation, the Government agreed that it would file a motion for a sentence reduction, should the defendant provide substantial assistance to the United States. (Plea Stip, pp. 6-7) Esquivel never provided substantial assistance to the Government in any investigation. (Exhibit A)

On September 11, 2009, this Court sentenced Esquivel to a term of imprisonment of 24 months plus a three year term of supervised release. (TRS, p. 20) Esquivel then stated her intention to appeal, and indicated that one ground for her appeal would be the issue of ineffective assistance of counsel. (TRS, p. 22) On September 18, 2009, she filed a timely notice of appeal with the Eighth Circuit, which ultimately dismissed her appeal on May 20, 2009. United States v. Tina Esquivel, 09-3250, (8th Cir. May 20, 2010) (Unpublished Opinion). This Motion pursuant to § 2255 follows.

## II. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. §2255 provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under §2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. Id. at 225-6. See also United States v. Robinson, 64 F.3d 403 (8th Cir. 1995); Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. United States v. Schmitz, 887 F.2d 843, 844 (8th Cir. 1989); Dall v. United States, 957 F.2d 571, 573 (8th Cir.

1992).

### III. BURDEN OF PROOF - INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a theory of ineffective assistance of counsel, the Movant must demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. Furnish v. United States of America, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" ". Collins v. Dormire, 240 F.3d 724, 727 (8th Cir. 2001) (*citing Strickland, 466 U.S. at 689*)

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome". Id. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." Pryor v. Norris, 103 F.3d 710, 712 (8th Cir. 1997)

### IV. DISCUSSION

At the outset, this Court notes that defendant, in entering her plea of guilty, testified under oath that she was satisfied with the way her lawyer handled the case, that her lawyer investigated the case to her satisfaction, that her lawyer did everything she asked him to do, and that she "had no gripes or complaints."

**A**. **A Violation of the Attorney General's Guidelines for the Use of Confidential Informants is Not Actionable.**

Esquivel alleges prosecutorial misconduct in asserting that the "Prosecution violated the United States Attorney General Guidelines for the Use of Informants, specifically regarding the use of an informant who "was on probation or parole from another state." (2255 Motion, p. 5) According to this claim, the DEA used an informant who was on probation in Texas without first engaging in the proper notification and approval procedures. (Id)

The government responds that Esquivel is factually inaccurate in making this claim. The government then explains that: "While the initial investigation involved a confidential informant, that person was an informant for the SEMO Drug Task Force, not the DEA. Because the informant was not a DEA informant, the Attorney General's Guidelines for the use of Confidential Informants simply does not apply. (Exhibit B)"

Without addressing the government's contention that the claim is factually inaccurate, suffice it to say that the Attorney General's Guidelines for the use of Confidential Informants (2002), does not create any cause of action for a defendant in Esquivel's situation. Section H of the Guidelines states: "Nothing in these guidelines is intended to create or does create an enforceable legal right or private right of action by a CI or any other person." This is consistent with the applicable federal case law. In United States v. Wedelstedt, 589 F.2d 339 (8th Cir. 1978), the defendant sought dismissal of his case because the Government had violated the Department of Justice's *Petite* policy which requires special approval by the Attorney General before the United States engages in a dual prosecution with state authorities of a defendant for the same offense. Finding that the Department's violation of its own rule did not merit dismissal of any

count against the defendant, the Court went on to note that Wedelstedt had not cited any authority for the proposition that such a violation required dismissal. Id. at 343.

Thus, even if the Government had used an informant in violation of the Attorney General's Guidelines, it would not merit any relief for Esquivel on that basis. Therefore, this ground shall be dismissed without the necessity for an evidentiary hearing.

**B. Esquivel's claims that she provided substantial assistance, or earned a motion for sentence reduction, are refuted by the record.**

Esquivel also alleges prosecutorial misconduct in her claim that although she met on several occasions with Agents to provide assistance, the "prosecution were aware of these meetings yet failed to even evaluate whether assistance was substantial." (2255 Motion, p. 6) The government responds that: "This allegation is patently untrue. Ms. Esquivel never received a Government sponsored motion for a sentence reduction, precisely because the Government evaluated her efforts to cooperate and determined that she had not provided any assistance at all."

The issue of Esquivel's assistance is controlled by the written plea agreement and stipulation Esquivel entered into with the Government and accepted by this Court. The agreement contained very specific language concerning the possibility of a Government sponsored motion for reduction based upon the provision of "substantial" assistance:

> The defendant has offered to assist the government in its ongoing investigation. However, **the defendant has not provided substantial assistance at this time**. At or near the time of sentencing, the government alone will determine whether the defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Section 5K1.1 of the Guidelines or Title 18, United States Code, Section 3553, or both. The defendant fully understands that **the government alone will determine what constitutes substantial assistance** and the government alone will determine whether to file a motion for downward departure. The defendant further understands that there will be no downward departure without a motion by the government. The defendant further understands that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance. The

**defendant understands that even if the information provided is truthful and complete, it will not be substantial assistance if the government regards the information to be insufficiently significant or insufficiently helpful**. (Plea Stip, p. 6) (emphasis added)

The agreement set out three essential things concerning cooperation: first that Esquivel had not yet provided substantial assistance, secondly that the Government had the right to determine what constitutes substantial assistance, and finally that even if she had given truthful information, it would not guarantee the filing of a downward departure motion by the United States.

At the time of her plea, the Prosecutor informed the Court that Esquivel was attempting to cooperate, but had not yet provided substantial assistance:

> "...she's given us some information and that information has not borne fruit. It is my understanding she will continue the cooperation and I know that the DEA desires to talk to her again. There's also a possibility that she may be able to assist in an investigation that's going on in the State of Texas." (TRS p. 13)

Under the law, a sentencing court may not grant a downward departure for substantial assistance without a motion from the Government. United States v. Wilkerson, 179 F.3d 1083, 1086 (8th Cir. 1999), (*See also;* U.S.S.G. § 5K1.1, 18 U.S.C. 3553(e), and Federal Rule of Criminal Procedure 35(b), all of which require a motion from the Government.) The Government's discretion in making (or refusing to make) such motions is generally subject only to constitutional constraints. (Id)

Where the Government expressly reserves that discretion (as here) the execution of that discretion may be challenged only if the defendant makes a "substantial threshold showing" of prosecutorial discrimination, irrational conduct or bad faith. United States v. Hardy, 325 F.3d 994, 995 (8th Cir. 2003). A refusal to file a substantial assistance downward departure motion is unconstitutional if it is motivated by some form of invidious discrimination such as the

defendant's "race" or "religion". United States v. Wolf, 270 F.3d 1188, 1191 (8th Cir. 2001).

In the absence of a "substantial threshold showing" a defendant is not entitled to any remedy or even to an evidentiary hearing. Hardy, 325 F.3d 994, 995. To meet that substantial threshold showing the petitioner must present evidence that tends to show that the Government's decision was "not rationally related to a legitimate government interest". United States v. Davis, 397 F.3d 672, 676 (8th Cir. 2005).

Esquivel has made no showing with regard to this issue. It is notable that her 2255 Motion makes no mention of what information that she provided or what supposed benefit that the United States has received as a result of that information. And regardless of the quantity or quality of information provided, if any, the Government is well within its rights to decide against filing a discretionary motion for a downward departure.

**C. Counsel Was Not Ineffective for Failing to Raise the Issue of Informant Guidelines.**

In Ground Three Esquivel alleges that she received ineffective assistance of counsel because her attorney failed to raise the issue of the supposed violation of the Attorney General's Guidelines for the Use of Informants. Esquivel states: "Since this is a clear violation of the guidelines...counsel was ineffective to me in this matter that may have resulted in a dismissal in my case." (2255 Motion, p. 8) This claim is a variation on Esquivel's first claim, and like the first claim, even if there had been a violation of the information guidelines, Esquivel still would have no cause of action.

Moreover, the record shows that Esquivel's attorney was aware of this issue and clearly understood the law in this respect. In her affidavit, counsel states:

> "With regard to Ground Three, the defendant did raise the issue of alleged
> violations of United States Department of Justice Guidelines with me. I realized
> that even if there was a violation of the Guidelines, it was not actionable and
> would not have aided in her defense." (Exhibit "D")

While counsel has a duty to zealously represent their client's interests, there is simply no obligation to make unmerited objections. Esquivel's attorney's performance is clearly objectively reasonable in not pursuing this issue, in that there was simply no remedy available, even if the claim were valid. This ground shall therefore be denied without the necessity of an evidentiary hearing.

**D. Counsel Was Not Ineffective Concerning Substantial Assistance Issue and Appeal.**

Finally, Esquivel alleges ineffective assistance of counsel in that she claims her attorney did not make known to the Court the extent of her assistance to Immigration and Customs Enforcement in Texas. (2255 Motion, p. 9) However, the record shows that counsel in fact contacted Agent Royer and "requested that if any assistance was given by [Esquivel] to forward a letter of confirmation" to the attorney and the prosecutor. (Exhibit D) No letter of confirmation was ever sent, because Esquivel's information was never of any use to the United States. (Exhibit B)

Again, Counsel's performance in this instance was objectively reasonable in every way. The Court was already aware that Esquivel was attempting to cooperate, and there was simply nothing else to report at that point. Indeed the evidence is clear that there was never anything positive to report in that respect. Even had counsel reiterated the status of her cooperative efforts, that she had provided information which had borne no fruit, it would not have prompted the Government to file a downward departure motion in any event. Therefore counsel's performance can not be said to be deficient in that respect either.

Ground Four also contains an allegation that Esquivel received ineffective assistance of counsel because her attorney, at Esquivel's specific direction, informed the Court that Esquivel wished to appeal. Esquivel claims that her attorney knew that she had waived most of her appeal

9

rights but requested the notice of appeal anyway, which "resulting in wasting months on an appeal where my grounds would not be considered." (2255 Motion, p. 9) This allegation is absolutely without merit. After the sentencing hearing, Esquivel's displeasure with her attorney and desire to appeal was abundantly clear. After speaking with her client, Esquivel's attorney informed the Court:

> "Your Honor, it has come to my attention that my client wishes to appeal and **one of the issues** she will raise on appeal will be ineffective assistance of counsel". (TRS, p. 22) (emphasis added)

That Esquivel was aware that she had a limited right to appeal is clear from the written plea stipulation that she entered into with the Government.

> "The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.... In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.... Both the defendant and the government hereby reserve all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, the Criminal History Category, and Career Offender status. (Plea Stip, pp. 3-4)

At the time of Esquivel's plea the Court went over the waiver of appellate rights to ensure that she knew what she was giving up.

COURT: "I also see on page three of the agreement that you are giving up your right to bring an appeal on everything that's transpired through the plea of guilty hearing today and that the only right to any appeal you have would be to appeal the sentencing. Is that your understanding then, too?"

ESQUIVEL: "That is my understanding, Your Honor." (TRS, pp. 6-7)

After sentencing, and after trial counsel had been dismissed from the case, Esquivel was once again advised of her appeal rights by the Court.

COURT: "I will grant your oral motion to withdraw and, Miss Sanchez, let

10

me advise you now that you do have a right to appeal from the sentence within ten days from this date....You're also advised that you are entitled to the assistance of counsel in taking an appeal and if you are unable to afford a lawyer, one will be provided for you and if you so request, the clerk of the court will prepare and file a notice of appeal on your behalf. Now do you understand that you have that right to appeal?"

ESQUIVEL: "Yes, sir."

COURT: "Okay. Have any questions about that?"

ESQUIVEL: "I do not at this time."

COURT: "Okay. You understand I'm going to release your lawyer at this time, so if you want to bring this appeal, you understand what you have to do then?" [Esquivel consults with counsel]

ESQUIVEL: "Yes."

COURT: "The rights that I just advised you."

ESQUIVEL: "Yes."

COURT: "All that said, according to the plea agreement, you gave up your right or waived your right to appeal all issues in the case except the actual sentence imposed and as you know, I gave a downward variance which is substantial lenient treatment..." (TRS, pp. 23- 24)

First of all Esquivel is simply not in a position to complain about her trial counsel for what Esquivel herself choose to appeal after her attorney was dismissed from the case. Counsel did exactly what Esquivel had instructed her to do, inform the Court that she wished to appeal. While Esquivel may have ultimately only raised the issue of ineffective assistance of counsel, the record reflects that was only one of the potential issues that she was interested in appealing. Counsel told the Court at her client's direction that Esquivel "wishes to appeal and **one of the issues** she will raise on appeal will be ineffective assistance of counsel". (TRS, p. 22) (emphasis added) A defense attorney, as counsel correctly points out in her affidavit (Exhibit D), is duty

11

bound to file a notice of appeal at their clients request. *See*; United States v. Barger, 204 F.3d 1180, 1182 (8th Cir. 2000) (failure to file notice of appeal at client's request is ineffective assistance of counsel).

If Esquivel indeed wasted "months on appeal" where her ineffective assistance of counsel claims would not be decided, that can in no way be attributed to trial counsel's performance. Counsel did not represent her in the appeal and thus could not have proffered advice about what grounds may or may not have been appropriate. Nor can Esquivel legitimately claim that she was unaware that she had a limited right of appeal where it was clearly stated in the written plea agreement and where she acknowledged at both the plea and sentencing hearings that she understood that she had a limited right of appeal.

The record in this respect clearly shows that counsel was objectively reasonable in the performance of her duties. As such Ground Four shall be dismissed without the necessity of an evidentiary hearing herein.

## V. CONCLUSION

The record clearly indicates that none of the Movant's allegations have any merit. Because Esquivel has not made a substantial showing that she is entitled to relief, her 2255 Motion should be dismissed herein without the necessity for an evidentiary hearing by the Court.

For the foregoing reasons, this Court **DENIES** petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence.

**SO ORDERED** this 31st day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE